UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

LINDA EVANSWOOD

    Plaintiff,

V.                                         CIVIL ACTION NO

THE LAW OFFICES OF H. WAYNE NORMAN, JR, P.A.

    Defendant.                                DECEMBER 14, 2015

## COMPLAINT

Plaintiff sues Defendant a collection law firm that is doing business in Maryland and alleges:

## I. PRELIMINARY STATEMENT

1. This is an action brought pursuant to 15 D.S.C. § 1692, *et sequi*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. The jurisdiction of this Court arises under 15 U.S.C. §1692k and 28 U.S.C. §1337.

## III. ALLEGATIONS AS TO PARTIES

3. Plaintiff is a resident of Cockeysville, Maryland.

4. At all times material hereto, Defendant, ("Debt Collection Law Firm) has two (2) attorneys in its employ.

5. At all times material hereto, Defendant was doing business in Maryland.

6. At all times material hereto, Defendant, was acting like a debt collector with a principal place of business at 808 South Main Street, Bel Air, Maryland 21014.

7. Defendants or was engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempted to collect consumer debts alleged to be due to another in the State of Maryland.

## IV. FACTUAL ALLEGATIONS

8. Defendant is the collection agent for Liberty Pure Solutions, Inc. and regularly collected or attempted to collect monies from consumers for delinquent or alleged delinquent personal debt.

9. On August 19, 2015, Defendant communicated with the Plaintiff for the purpose of collecting monies for an alleged delinquent debt, purportedly owed by plaintiff. *See Exhibit 1.*

10. In the initial collection letter Defendant stated the amount due and owing was $2,930.00 plus collection costs and interest, attorney fees of $586.00.

11. Plaintiff wrote the Defendant on August 27, 2015 and disputed the debt and stated to the Defendant "do not contact me further" a simple cease and desist request. *See Exhibit 2*

12. Defendant sent another collection letter dated September 16, 2015 after receiving the Plaintiff dispute letter and failed to validate the debt, as required by §1692g and violated the FDCPA. *See Exhibit 3*

13. Defendant's collection letter of September 16, 2015 (exhibit 3) stated the Plaintiff had an amount due and owing $5,860.00 plus collection costs and interest, attorney fees of $1,172.00.

14. Defendant attempted to collect two (2) different amounts of debt and more than doubled his attorney fees between the initial collection letter of August 19, 2015 and the revised collection letter of September 16, 2015.

15. Plaintiff wrote the Defendant again on September 19, 2015, reminding the Defendant she had already sent a cease and desist and that the Defendant collection law firm, should not contact her again. *See Exhibit 4*

16. Defendant violated §1692e (2) of the FDCPA.

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of—

(A) the character, amount, or legal status of any debt; or

(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

17. Defendant attempted to collect attorney fees in violation of §1692f(1)

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1)
The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

18. Plaintiff attaches a copy of the underlying contract she executed with the Defendant's client, Liberty Pure Solutions, Inc. **See Exhibit 5.**

19. Exhibit 4 states on page 2 that "In the event Contractor <u>must commence legal action</u> in order to recover any amount payable or owed to Contractor under this agreement, Customer shall pay Contractor all court costs and attorney's fees incurred by Contractor."

20. The Defendant as of the original collection letter dated, August 19, 2015 claimed the Plaintiff owed the Defendant $586 for attorney fees.

21. The Defendant as of the revised collection letter dated September 16, 2015 claimed the Plaintiff owed the Defendant $1,172.00 in attorney fees.

22. No litigation was filed at the time of either collection letter sent to the Plaintiff in exhibits one (1) or three (3).

23. No attorney fees were due or owing, based on the contract, no attorney fees would be owed by law or contract and Defendant used unfair or unconscionable means to collect or attempt to collect this debt from the Plaintiff.

24. Defendant contacted the Plaintiff one more time via written letter dated September 25, 2015. See Exhibit 6.

25. Defendant after receiving two (2) dispute letters from the Plaintiff and 2 cease and desist letters, decides to validate the debt, on September 25, 2015. *See Exhibit 6*

26. Defendant states in that letter "I look forward to meeting you in Court."

## V. DEFENDANTS' PRACTICES

27. It is or was the policy and practice of Defendant to communicate with Maryland consumers in a manner which was reasonably calculated to confuse or frustrate, or mislead MD consumers in violation of the FDCPA §1692e, f and g

28. Defendant being an attorney was aware of the FDCPA nor is it entitled to the defense of Bone Fide error pursuant to the Supreme Court issued decision in *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573 (2010).

29. Jerman decision held that the FDCPA's "bona fide error" defense does not apply to a violation of the Act resulting from a debt collector's incorrect interpretation of the statute's requirements. That defense shields a debt collector from civil liability in a private action if it shows that an FDCPA violation "was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." The Sixth Circuit, whose decision the Supreme Court reversed, held that the "bona fide error" defense covered a law firm's mistake of stating in a validation notice that the consumer was required to dispute the debt in writing.

The Supreme Court concluded that a legal mistake could be considered "intentional" under the FDCPA even if a debt collector did not know that its conduct violated the law.

## VI. ALLEGATIONS OF LAW

A. General

30. At all times material hereto, plaintiff was a "consumer" as said term is defined under 15 U.S.C. §1692a (3).

31. At all times material hereto, "Liberty Pure Solutions, Inc.", represented by Defendant was a "creditor" as said term is defined under 15 U.S.C. §1692a (4).

32. At all times material hereto, the amount purportedly owed to "Liberty Pure Solutions, Inc." represented by Defendant was a "debt" as said term is defined under 15 U.S.C. §1692a (5).

B.. Unlawful Claim

33. With respect to the attempt by Defendant to collect the alleged debt as more particularly described above, the conduct of Defendant violated the FDCPA, including but not limited to:

    a. The use of false representations, deceptive or misleading representations or means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692e.

    b. The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

    c. Failing to validate the Debt and continuing to collect on a debt, after a written dispute has been received, before validating that debt.

    d. Defendant filed suit on this alleged debt in Hartford County and the Plaintiff lives in Baltimore county and executed the contract at her home in Baltimore County, therefore Defendant violated §1692i(2) of the FDCPA.

34. As a result of Defendant's' conduct, Plaintiff is entitled to an award of actual and statutory damages pursuant to 15 U.S.C. §1692k.

35. Plaintiff is entitled to an award of costs and attorneys fees pursuant to 15 U.S.C. § 1692k.

**WHEREFORE, Plaintiff, an individual, requests judgment be entered in her favor against Defendant for:**

1. Actual and statutory damages pursuant to 15 U.S.C. §1692k;
2. An award of costs and attorney's fees pursuant to 15 U.S.C. § 1692k; and
3. Such other and further relief as the Court may deem just and equitable.

THE PLAINTIFF

BY /S/Bernard T. Kennedy
Bernard T. Kennedy, Esquire
The Kennedy Law Firm
P.O. Box 673
Blairsville, GA 30514
Ph  (443) 607-8901
Fax (443) 440-6372
Fed. Bar # Md26843
bernardtkennedy@yahoo.com